T. C. BROWN, plaintiff in error, *vs.* ELIZABETH PADGETT, defendant in error.

A promissory note given to suppress a prosecution for felony is void.

. *Certiorari* from the County-Court. Decided by Judge IRWIN. Pickens Superior Court. April Term, 1867.

In the County-Court a suit by Elizabeth Padgett against Brown, founded upon a promissory note for $50, dated the 2d of December, 1865, and due 1st of January, 1866, was defended on the grounds that it was taken by duress, was without consideration, and was illegal and void because it was given to settle a criminal prosecution for simple larceny, or horse stealing.

On the trial, the plaintiff read in evidence the note, and closed.

The defendant then examined S. M. Morton, a Justice of the Peace, who testified that David Townsend came to him and procured a warrant against the defendant, Brown, for stealing Elizabeth Padgett's horse; Brown was arrested on said warrant; witness understood that defendant gave his note for $50 for the horse, and plaintiff and prosecutor were to settle the prosecution or dismiss it; it was dismissed.

The warrant was read in evidence. It was on the affidavit of said Townsend, and charged that on the 4th of November, 1864, in Pickens county, Ga., Brown (as deponent believed) stole a sorrel horse about eleven years old, the property of Elizabeth Padgett, of the value of $75, &c. It was dated 1st of November, 1865; the warrant was issued on the 1st of December, 1865; the arrest was made on the 2d of December, 1865; on the 3d of December, 1865, the Justice of the Peace endorsed on the warrant: "The decision of the Court is to dismiss the warrant by consent of parties.

°S. M. NORTON, J. P."

W. C. ANDERSON then testified: that he and defendant at said time lived in Tennessee, and were in Pickens county on a visit; defendant was arrested on the warrant, gave said note

to settle the case ; witness advised defendant to give security for his appearance, but he said he thought he could settle the case.

JOHN TALLY testified : that he and Hix Patterson were called on to settle or arbitrate the case, that they decided Brown should pay plaintiff for the horse, and plaintiff should settle or dismiss the warrant. They had no evidence before them that Brown took or got the horse, and none that he did not take or get it; plaintiff charged him with it, and he denied it. Brown had lived there before, had moved to Tennessee, and was then in Pickens county on a visit, and since that time has moved back to Pickens county. Witness and Hix Patterson decided that Brown should pay $50 for the horse ; but they had no evidence against him, and did not try the question of his guilt or innocence.

In rebuttal, plaintiff examined HIX PATTERSON, who testified ; that Brown was in the county at or about the time the horse was taken.

The verdict was for the plaintiff. *Certiorari* was sued out upon the grounds that the Court, in charging the jury, said there was no evidence that Brown took the horse, that the verdict was against the evidence and law, and because " the horse the award was given for, never was the horse of plaintiff, that her horse was eleven or twelve years old, and the horse the award was given for, was seventeen years old, and further, he can prove by John Powell, that on the night plaintiff's was taken, he was at home all night."

The answer of the County-Judge was, that the foregoing was a correct statement of what occurred on the trial, with this addition, that he did tell the jury they were not trying whether Brown stole the horse, and rehearsed to them what the witnesses testified, and also told them that they were the judges of what was and what was not proved ; and also, that if the note was given to settle the prosecution, it was illegal and void, and as to this, they were to judge from what the

Roe and Ralston *vs.* Doe and Dover, *et al.*

witnesses said.    When the *certiorari* was heard before Judge IRWIN, he ordered the same dismissed.

This is complained of by Brown, and assigned as error.

W. T. DAY, JNO. A. WIMPEY, for plaintiff in error.

W. H. SIMMONS, for defendant in error.

WALKER, J.

The evidence showed that the note sued on, was given to suppress a prosecution for felony, and is therefore void; the transaction itself was criminal, Rev. Code, Sec. 4423; and if the note had been paid, would have been no defence to an action for the *tort*, the alleged taking of the mare.    Rev. Code, Secs. 2999, 3000.    Such being the case, the Court erred in dismissing the *certiorari*.

Judgment reversed.